UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA WALKER,

      Plaintiff,

v.                                           Case No.  8:15-cv-2668-T-24 AAS

FLORIDA DEPARTMENT OF
JUVENILE JUSTICE,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion in Limine.  (Doc. No. 52).  Defendant opposes the motion.  (Doc. No. 62).  The Court briefly discussed this motion during the March 1, 2017 pretrial conference.  As explained below, the motion is denied.

**I. Background**

Plaintiff Lisa Walker, a white female, worked for Defendant Florida Department of Juvenile Justice as a juvenile detention officer.  Plaintiff contends that she was subjected to a racially hostile work environment by various co-workers and supervisors throughout her employment.  Plaintiff contends that she continuously reported the harassment, but the harassment continued.  As a result, Plaintiff decided to resign, and she turned in her letter of resignation on December 19, 2014, with an effective date of January 15, 2015.

After turning in her resignation letter, Plaintiff learned that one of her alleged harassers (Sergeant Lewis) was resigning.  In response, Plaintiff asked to rescind her resignation.  Ultimately, her requests to rescind her resignation were denied.  Plaintiff contends that the decision to not allow her to rescind her resignation was done in retaliation for her harassment

complaints or done with a racially discriminatory motive.

## II.  Motion in Limine

Plaintiff now moves in limine to exclude three types of evidence: (1) reports of misconduct made by Plaintiff that do not involve racial harassment, discrimination, or retaliation; (2) an allegedly false sexual harassment complaint made against Sergeant Little, the related investigation, and his resulting termination; (3) and performance reviews and resignation letter of Plaintiff's co-worker, Jessica Manganaro.  As explained below, the Court denies Plaintiff's motion in limine.

### A.  Plaintiff's Reports of Misconduct and the Allegedly False Sexual Harassment Complaint against Sergeant Little

Plaintiff moves to exclude: (1) reports of misconduct made by Plaintiff that do not involve racial harassment, discrimination, or retaliation; and (2) an allegedly false sexual harassment complaint made against Sergeant Little, the related investigation, and his resulting termination.  Plaintiff argues that such evidence is not relevant to her claims of harassment, discrimination, and retaliation.  Furthermore, she argues that any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting the jury's time.

In response, Defendant argues that this evidence is relevant to its defense that the hostility that Plaintiff endured was due to the fact that there was an intra-organizational shift war going on between the people in Sergeant Little's shift (including Plaintiff) and the people in Sergeant Williams' shift.  Specifically, Defendant contends that Plaintiff was a snitch for Sergeant Little, reporting misconduct of Sergeant Williams' staff.  Thus, Defendant argues that Sergeant Williams' staff was hostile towards Plaintiff because she was a snitch, not because she is white.

Upon consideration, the Court agrees that such evidence is relevant to Defendant's defense that the alleged harassment was not based on Plaintiff's race, but instead, it was based on the fact that there was an intra-organizational shift war going on, and people believed that Plaintiff was a snitch. Accordingly, the Court denies Plaintiff's motion in limine as to these two types of evidence.

### B. Jessica Manganaro

Plaintiff also moves to exclude the performance reviews and resignation letter of her co-worker, Jessica Manganaro. Plaintiff contends that such evidence is not relevant to her claims of harassment, discrimination, and retaliation. Furthermore, she argues that any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting the jury's time.

Defendant responds that such evidence is necessary to rebut Manganaro's testimony that she endured the same racial hostility as Plaintiff, and as a result, she chose to resign. Defendant argues that Manganaro's performance reviews were favorable, which undercuts Manganaro's assertion that she was treated unfavorably due to her race. Likewise, Defendant argues that Manganaro's resignation letter contradicts her assertion that she resigned due to the racial hostility she experienced, as her resignation letter contains no mention of racial hostility and thanks Defendant for the experience and opportunities that she received.

Upon consideration, the Court agrees that such evidence is relevant to impeach Manganaro's allegations that she endured the same racial hostility as Plaintiff. Accordingly, the Court denies Plaintiff's motion in limine as to this evidence.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion in Limine (Doc. No. 52) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of March, 2017.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge